UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA L. BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARRELL STEINBURG, et al.,<br><br>　　　　　Defendants. | No. 2:22–cv–1308–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

　　　　Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

　　　　However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

      i.     **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint alleges that two private citizens are owners of St. Paul's Church, that various city and private individuals do business at the Church, and these organizations/individuals provided "mobile home" units to tenants as "Tiny Homes." (ECF No. 1 at 6.) Plaintiff lists as the basis for federal question jurisdiction as the 14th Amendment due process clause and 18 U.S.C. § 241. (Id. at 5.) The complaint states plaintiff seeks $15 million in damages, among other relief, as against 25 defendants (including, apparently, herself). (See ECF No. 1.) For her statement of claim, the complaint states "see attachment," but the only attachment is a list of some of the defendants.

Plaintiff's complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred to support a claim under 42 U.S.C. § 1983. Plaintiff identifies the due process clause of the 14th Amendment in the complaint, but the due process clause encompasses numerous substantive and procedural rights that are not discussed in the complaint. Twombly, 550 U.S. at 555-57 (noting that to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action"). To be sure, a private citizen can allege claims seeking monetary damages against public officials acting in their individual capacity under 42 U.S.C. § 1983, but to state a claim, the law requires more. To state a claim for relief under Section 1983, a plaintiff must allege that a defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). An officer "causes" a constitutional deprivation when he or she (1) "does an affirmative

3

act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). The causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added). Thus, to state a claim, plaintiff must identify each public official's act and how that act violates a specific provision of the Constitution.

Further, claims raised under 42 U.S.C. § 1983 generally cannot lie against a private individual or business entity that does not act under color of state law without more factual allegations of joint action. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

Finally, "local-government entities are considered 'persons' under Section 1983 and therefore may be liable for causing a constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). However, these entities are only liable "for injuries that arise from an official policy or longstanding custom." Monell, 436 U.S. at 694. To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to state a claim under Section 1983, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

Outside of Section 1983, to the extent the complaint raises claims for conspiracy under 18 U.S.C. § 241, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); see also, e.g., Ramirez v. Bernhardt, 2022 WL 2160584, at *6 (E.D. Cal. June 15, 2022) ("Plaintiff's criminal conspiracy claim brought under 18 U.S.C. § 241 fails as a matter of law. Title 18 U.S.C. § 241 is a criminal civil rights statute. There is no private right of action to enforce this statute."). Plaintiff should not include any such claim in an amended complaint.

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 10 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 10-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
iv. under each section, list the factual allegations supporting that particular claim
v. include a general background facts section to orient the reader only as necessary;
vi. include her statements for jurisdiction, venue, and relief sought as is necessary;
vii. omit exhibits, documents, photos, or other such "evidence" of her claims;
viii. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
ix. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Within 28 days of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brya.1308