UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA L. BRYANT, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DARRELL STEINBURG, et al.,<br><br>  Defendants. | No. 2:22–cv–1308–TLN–KJN PS<br><br>ORDER DENYING REQUEST FOR COUNCIL AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 1, 4, 5.) |

Plaintiff's initial complaint filed on July 25, 2022, alleged a Fourteenth Amendment due process claim under 42 U.S.C. § 1983 as well as a claim under 18 U.S.C. § 241. (ECF No. 1.) The court granted plaintiff's motion to proceed in forma pauperis (ECF No. 2), screened this complaint, and gave leave to amend. (See ECF No. 3.) Therein, the court found plaintiff failed to plead sufficient facts to support a due process claim, and determined she lacked authority to bring a claim under 18 U.S.C. § 241. (Id.) On September 9, 2022, plaintiff filed a first amended complaint ("1AC") alleging claims under the Fair Housing Act 42 U.S.C. §§ 3601 and 3614(a). (ECF No. 3.) Plaintiff also filed a motion for appointment of counsel. (ECF No. 5).

As with plaintiff's original complaint, the 1AC must be screened, and the court must dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, seek monetary relief against an immune defendant, or lack subject matter jurisdiction. 28 U.S.C. § 1915(e)(2); United Investors v. Waddell & Reed, 360 F.3d 960, 967 (9th Cir. 2004).

1

**Legal Standards**

    i.    **Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[1] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). A federal district court may hear and decide state-law claims along with federal-law claims where the claims are so related that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

///

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

### ii. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

### iii. Pleadings from Unrepresented Parties

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

### Analysis

Plaintiff's 1AC alleges claims under the Fair Housing Act ("FHA") 42 U.S.C. §§ 3601-3619 and enforcement of the FHA by the Attorney General pursuant to 42 U.S.C. § 3614(a).[2] Plaintiff seeks monetary damages and other relief against eleven separate defendants. (Id.) As noted below, plaintiff's complaint fails to allege sufficient facts to support a claim. See Twombly, 550 U.S. at 555-57.

**A. Plaintiff cannot assert claims on behalf of others without attorney representation.**

First, it is important to note that the 1AC attempts to assert claims on behalf of fourteen other plaintiffs. (See ECF No. 4 at 2.) While plaintiff may file a pro se action on her behalf, plaintiff cannot represent other plaintiffs if filing pro se. See 28 U.S.C. § 1654 (2009) (parties may plead and conduct their own cases personally in all federal courts); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing pro se may not represent other individuals in federal court). Similarly, courts have found pro se litigants cannot "fairly and adequately protect the interests of the class." Dean v. Jones, 2010 WL 1873089, at *3 (D. Or. Mar. 2, 2010) (dismissing pro se FHA complaint attempting to bring action on behalf of others). Accordingly, the court will only consider the complaint to assert claims on behalf of plaintiff alone.

---

[2] It appears plaintiff has abandoned her claim under the Fourteenth Amendment (stated in the original complaint), as no facts or claims are asserted under this provision. The court previously informed plaintiff a prior complaint is of no effect, as per Local Rule 220. However, for purposes of this screening, the court considers the information contained in the original complaint when considering whether leave to amend is appropriate. For judicial efficiency, the court now submits both sets of findings to the district judge for review.

**B. Plaintiff's Fair Housing Act claim fails to allege protected class status.**

Plaintiff alleges the nature of her claim is "to enforce provisions of the Fair Housing Act, 42 U.S.C. §§ 3601-3619" and that her claim is "brought pursuant 42 U.S.C. § 3602(f)[.]" (See ECF No. 4 at 1-2.) The complaint alleges defendants "deliberately targeted homeless individuals" to participate in an "inhabitable" housing program and did not "[respond] to complaints presented by, or on behalf of, the tenants[.]" (Id. at 2, 5.) Plaintiff further alleges that the property owner, Larry Joyner, committed "grandious [sic] and horrid discriminatory acts" towards plaintiffs. (Id. at 6.)

A plaintiff may allege a claim under the FHA against any person who sells or rents private or public housing, or who participates as a principal or agent in such conduct. See 42 U.S.C. § 3603. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith," based on "color, religion, sex, familial status, or national origin," and "handicap." See 42 U.S.C. § 3604(b). To establish a prima facie case of discrimination under the FHA, plaintiff must first show that: (1) she is a member of a protected class; (2) she was denied a rental relationship or otherwise treated differently in the terms, conditions, or privileges of her rental relationship, or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her protected class status. See 42 U.S.C. § 3604(b); see also Shultz v. Kern County, 2022 WL 658140, at *2 (E.D. Cal. Mar. 4, 2022) (quoting Gamble v. City of Escondido, 104 F.3d 300, 305 (9th Cir. 1997)).

Plaintiff's complaint fails to allege facts indicating she is a member of a protected class under the FHA, as well as that defendants treated her differently regarding her rental relationship because of any protected characteristic. While plaintiff alleges defendants targeted herself and other plaintiffs to live in "inhabitable" housing and failed to listen to their concerns (ECF No. 4 at 5), the complaint does not allow the court to infer that the differential treatment was due to improper discrimination based on a protected class. Cf., e.g., Cabrera v. Alvarez, 977 F. Supp. 2d 969, 976 (N.D. Cal. 2013) (finding a claim of discrimination based on a disability to be dismissible where no facts were presented to allow the court to infer plaintiff received "explicitly

differential treatment" due to his asthma); with Cooke v. Town of Colorado City, Ariz., 934 F. Supp. 2d 1097, 1112 (D. Ariz. 2013) (noting an FHA claim based on allegations of unfit utility services could amount to an FHA claim where plaintiff alleged discrimination based on religion). Plaintiff alleges defendants "deliberately targeted homeless individuals" to live in "inhabitable" housing based on her "homeless" status. (See ECF No. 4 at 2, 5.)  However, economic and housing status are not protected classes under the FHA.  See 42 U.S.C. § 3604(b) (protected classes under the FHA include color, religion, sex, familial status, or national origin, and handicap); see also Community H., Inc. v. City of Boise, 490 F.3d 1041, 1053 (9th Cir. 2007) (noting a plaintiff must show a defined protected class to establish a prima facie case of discrimination under the FHA).

Plaintiff further fails to allege facts supporting differential treatment by each defendant in the terms, conditions, or privileges of her rental relationship, or in the provision of services or facilities to her as a tenant.  Plaintiff states defendants "knew or should have known by virtue of proper housing inspections in accordance with fair housing quality standards [] that the units were not habitable." (ECF No. 4 at 5.)  This fails to allege facts to each defendant's responsibilities and overt conduct.  See 42 U.S.C. §§ 3603, 3604 (noting also an FHA claim can only be brought against a person who (1) sells or rents the housing (2) participates as a principal or agent in the selling or renting of the housing); see also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("[A] plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims"); see also Hicks v. Makaha Valley Plantation Homeowners Ass'n, 2015 WL 328311, at *5 (D. Haw. Jan. 26, 2015) (noting where a plaintiff's complaint lumps separate entities or individuals together, the complaint must contain sufficient factual allegations as to the responsibilities of each defendant).

Plaintiff may be attempting to assert an FHA claim against the property owner, defendant Larry Joyner, for "discriminatory conduct" against plaintiffs, including herself.  (ECF No. 4 at 6.) Assuming for the sake of argument Joyner's alleged actions of "changing the temperature on the hot water heater, locking the kitchen, changing locks on tenant room," among other conduct (see id.) amounts to a denial of the provision of rental services under 42 U.S.C. § 3604(b), plaintiff

1  again fails to allege facts to allow the court to reasonably infer discriminatory conduct against a
2  protected class.  See 42 U.S.C. § 3604(b); see also, Cooke v. Town of Colorado City, Ariz., 934
3  F. Supp. 2d 1097, 1112 (D. Ariz. 2013) (finding a landlord's denial of water and utility services
4  status could amount to claim under 42 U.S.C. § 3604(b) because it was based on plaintiff's
5  protected class of religion).

6        Accordingly, plaintiff fails to allege sufficient facts to state a plausible claim under the
7  FHA.  See Ashcroft, 556 U.S. at 678.

      **C. Plaintiff's remaining claims are legally frivolous or reserved for state court.**

9        Plaintiff's 1AC raises an additional claim under 42 U.S.C. § 3614(a) for enforcement
10 against discriminatory housing practices by the United States Attorney General.  (ECF No. 4 at
11 1.)  However, the authority to raise an enforcement under this provision rests with the Attorney
12 General, not plaintiff as a private citizen.  See, e.g., U.S. v. Bob Lawrence Realty, Inc., 474 F.2d
13 115, 123 (5th Cir. 1973); see also, e.g., U.S. v. Lorantffy Care Ctr., 999 F. Supp. 1037, 1046
14 (N.D. Ohio 1998) (noting the Attorney General has clear and independent authority to initiate a
15 suit under the FHA).  Plaintiff therefore may not raise a claim under this provision, and the court
16 deems it legally frivolous.  Neitzke, 490 U.S. at 325.

17       The court also notes plaintiff's multiple references to units that are "uninhabitable."  (See
18 ECF No. 4 at 5.)  To the extent plaintiff intends to bring an implied warranty of habitability or
19 contract claim against her landlord, plaintiff should be aware that such claims, without a
20 cognizable federal claim, are reserved for state court.  See 28 U.S.C. §§ 1331, 1332(a), 1367(a);
21 see also, e.g., Foreman v. Freedman, 2013 WL 12184328, at *7 (S.D. Cal. Dec. 20, 2013)
22 (declining to exercise federal jurisdiction over an implied warranty of habitability claim); see also
23 Osceola Blackwood Ivory Gaming Group, LLC v. Picayune Rancheria of Chukchansi Indians,
24 272 F. Supp. 3d 1205, 1215 (E.D. Cal. 2017) (finding the district court lacked subject matter
25 jurisdiction over plaintiff's state-law breach of contract claim).

      **D. Further leave to amend should be denied.**

27       Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, plaintiff
28 fails to allege sufficient facts to state a claim that is plausible on its face, despite repeated

opportunities to establish this court's jurisdiction to hear this case. In considering the facts and circumstances raised in plaintiff's filings, there is consistent theme of plaintiff attempting to allege various causes of action on the basis of her homeless status. However, economic status is not regarded as protected class under the FHA, and plaintiff's due process claims fell short in the original complaint. See 42 U.S.C. § 3604(b) (protected classes under the FHA do not include economic class); see also United Bhd. of Carpenters and Joiners of Am., Local 610 v. Scott, 103 S.Ct. 3352, 3361 (noting the Civil Rights Act does not protect classed defined by "economic views, status, or activities."). Because plaintiff continues to file only slightly different versions of the same pleadings in her attempts to amend, the court concludes that granting further leave to amend would be futile. Cahill, 80 F.3d at 339.

Thus, plaintiff's federal claims should be dismissed with prejudice, and any potential state-law claims (breach of contract, implied warranty of habitability, etc.) should be dismissed without prejudice given the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3).

### E. Appointment of counsel is unwarranted in this civil case.

Alongside the 1AC, plaintiff filed a request for counsel "pursuant to the Federal Fair Housing Act" under "42 U.S.C. § 3613(b)." (ECF No. 5.) However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Appointment of counsel motions are analyzed by examining (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim. Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981)." Given the context of plaintiff's FHA and 1983 claims, it is unlikely plaintiff can succeed on the merits. Further, plaintiff makes no showing of her attempts to obtain counsel. Accordingly, plaintiff's motion to appoint counsel is denied.

**ORDER and RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for counsel (ECF No. 5) is DENIED. It is further RECOMMENDED that:

1. Plaintiff's federal claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, and the Fair

    Housing Act (ECF Nos. 1, 4) be DISMISSED WITH PREJUDICE;

  2.  The court DECLINE to exercise supplemental jurisdiction over any potential state-law claims and DISMISS WITHOUT PREJUDICE those claims.

  3.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 4, 2022

              */s/ Kendall J. Newman*
              KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

brya.1308