UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL STEINBURG, et al.,<br><br>Defendants, | No. 2:22-cv-01308-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to an Order from the Ninth Circuit Court of Appeals. (ECF No. 15.)

By way of background, Plaintiff proceeds in this civil action *pro se*. The matter was referred to a United States Magistrate Judge under the Eastern District of California's Local Rules. On October 4, 2022, the magistrate judge issued findings and recommendations. (ECF No. 6.) On October 21, 2022, Plaintiff filed objections. (ECF No. 7.) On November 16, 2022, the Court adopted in full the findings and recommendations, dismissed Plaintiff's Complaint with prejudice, and closed the case. (ECF No. 8.) On December 5, 2022, Plaintiff filed a document titled "Objections to Magistrate Judge's Findings and Recommendations." (ECF No. 10.) Plaintiff filed a Notice of Appeal on February 21, 2023. (ECF No. 11.) On May 22, 2023, the

1

Ninth Circuit issued the instant order staying Plaintiff's appeal to allow this Court to determine whether Plaintiff's December 5, 2022 filing constitutes one of the motions listed in Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(4) and, if so, whether the motion should be granted or denied.  (ECF No. 15 at 2.)

In general, parties in a civil action may file a notice of appeal "within 30 days after entry of judgment or order appealed from." F. R. App. P. 4(a).  If certain post-judgment motions are filed — such as a motion for a new trial under Federal Rule of Civil Procedure ("Rule") 59 — "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." F. R. App. P. 4(a)(4).

Plaintiff's December 5, 2022 filing asserts she "respectfully continues to object to [the] [m]agistrate judge['s] [f]indings and [r]ecommendations and again[] resubmits allegations with rightful claims and factual information." (ECF No. 10 at 1.)  Plaintiff then repeats the same objections she raised on October 21, 2022. (*Id.* at 2–4.)  Plaintiff also requests a new trial under Rule 59. (*Id.* at 4.)  The Court construes *pro se* filings liberally.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (explaining that a court has the obligation to construe pro se pleadings liberally and to afford the pro se litigant the benefit of any doubt).  Based on Plaintiff's reference to Rule 59, the Court construes Plaintiff's December 5, 2022 filing to be a motion for reconsideration pursuant to Rule 59(e).

Turning to the merits, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

The Court has carefully reviewed the entire file and does not find any "highly unusual circumstances" required to grant the motion. *See McDowell*, 197 F.3d at 1255.  Put simply,

1  Plaintiff does not assert any new information since her last objections were considered and
2  rejected.  Plaintiff does not provide any new evidence, point to clear error, or allege a change of
3  controlling law that would alter the Court's ruling.  To the extent Plaintiff disagrees with the
4  Court's ruling, Plaintiff may raise those arguments before the Ninth Circuit.
5       For the foregoing reasons and consistent with the Ninth Circuit's Order, the Court
6  construes Plaintiff's December 5, 2022 filing as a Motion for Reconsideration and DENIES the
7  motion.  (ECF No. 10.)  The Clerk of Court is directed to serve this Order on the Ninth Circuit
8  Court of Appeals in Appeal Number 23-15287.
9       IT IS SO ORDERED.
10 Date:  June 12, 2023

                Troy L. Nunley
                United States District Judge